WILLIAM G. HESELTON *vs.* JOHN HARMON.

Somerset.　　Opinion March 15, 1888.

*Way. Dedication. Trespass.*

If one sells a parcel of real estate, bounding it on a strip of land owned by the grantor and reserved for a street, such a reservation operates as a dedication of the land so reserved to the purposes of a street; and neither the grantor, nor any one holding a title derived from him, can afterward maintain an action of trespass against the grantee, or any one holding under him, for entering upon the land so reserved and preparing it for use as a street.

On report.

Trespass *quare clausum fregit* for entering upon a strip of land, thirty-two feet wide, claimed by the plaintiff, and making it into a road or street.

The point is stated in the opinion.

*Merrill and Coffin*, for plaintiff.

" In construing a deed the intention of the parties, if ascertainable, should in all cases govern." *Abbott* v. *Abbott*, 53 Maine, 360.

Parol evidence of the intention of the parties is not admissible. *Sturdivant* v. *Hull*, 59 Maine, 174.

" Bounded on the east by a line parallel with and thirty-two feet west of the west line of the Mayo lot," excludes from the grant anything in the territory east of that line. The words " to," " from " and " by," are terms of exclusion, unless by necessary implication they are manifestly used in a different sense. *Bradley* v. *Rice et als.* 13 Maine, 198.

A reservation is a clause in a deed where the feoffer doth reserve to himself some new thing out of that which he granted before, something not in esse. Shepherd's Touchstone, p. 80 ; *Adams* v. *Morse*, 51 Maine, 498.

Nor can it be an exception, for that must be a part of the thing granted, that would otherwise pass with the deed. *Brown* v. *Allen*, 43 Maine, 599.

Easements are divided into affirmative or those where the

servient estate must permit something to be done thereon, as to pass over it, or to discharge water upon it, or the like; and negative, where the owner of the servient estate is prohibited from doing something otherwise lawful on his estate, because it will affect the dominant estate, as interrupting the light and air from the latter by building upon the former. 2 Wash. Real Prop. 377.

Where there is no ambiguity in a deed, the grant cannot be restricted or enlarged by parol evidence. Neither can the intention of the parties be proved by parol; that is to be gathered from the deed itself. *Jordan* v. *Otis,* 38 Maine, 430; *Rogers* v. *McPheters,* 40 Maine, 115; *Emery* v. *Webster,* 42 Maine, 204; *Kimball* v. *Morrill,* 4 Maine, 368.

Facts and circumstances existing at the time of the grant may become important, and may be proved by parol, but agreements and intentions of the parties cannot. *Comstock* v. *Van Deusen,* 5 Pick. 165.

A grant of land as abutting in the rear upon certain street, which was merely laid down upon a map as such, but not actually opened, the land being accessible by a street in front, is not an implied grant of way in the supposed street in the rear, nor is it an implied covenant to open the street in the rear. *Mercer Street,* 4 Cowen, 542.

In *Clapp et al.* v. *McNeil,* 4 Mass. 589, PARSONS. C. J., says, "Among the bounds of the land sold, there are these words: 'Then turning and running southerly by land of said McNeil seventy feet to a thirty feet street, then turning and running westerly by said thirty feet street fifty feet.' By these words the grantee cannot even claim a right of way in that street."

The reason is plain. By the words of the grant he was excluded from any right in the street. See also *Southerland* v. *Jackson,* 30 Maine, 462; *Palmer* v. *Dougherty.* 33 Maine, 502; *Hunt* v. *Rich,* 38 Maine, 199; *State* v. *Clements,* 32 Maine, 279.

*D. D. Stewart,* for the defendant, cited: *Kent* v. *Waite,* 10 Pick. 138; *Brown* v. *Thissell,* 6 Cush. 257; *Barnes* v. *Lloyd,* 112 Mass. 224; *Parker* v. *Smith,* 17 Mass. 413;

*Van O'Linda* v. *Lothrop*, 21 Pick. 292 ; *Atkins* v. *Boardman*, 2 Met. 464 ; *Mendell* v. *Delano*, 7 Met. 179 ; *Tufts* v. *Charlestown*, 2 Gray, 272 ; *Pratt* v. *Sanger*, 4 Gray, 84 ; *Stearns* v. *Mullen*, 4 Gray, 155 ; *Thomas* v. *Poole*, 7 Gray, 83 ; *Tuttle* v. *Walker*, 46 Maine, 280 ; *Fox* v. *Union Sugar Refinery*, 109 Mass. 295 ; *Tobey* v. *Taunton*, 119 Mass. 404 ; Washburn, Easements, 6, 7, 196 ; *Appleton* v. *Fullerton*, 1 Gray, 193 ; *Atkins* v. *Boardman*, 2 Met. 467 ; *Adams* v. *Emerson*, 6 Pick. 58 ; *Stetson* v. *Dow*, 16 Gray, 372.

WALTON, J. This is an action to recover damages for an alleged breach of the plaintiff's close. The defendant justifies under a right of way. We think his justification is complete. The land in question is a strip thirty-two feet wide, and was reserved by the owners for a street. It is so expressed in a deed from them to the defendant's grantor. The land conveyed by the deed is described as bounded on the east by a strip of land thirty-two feet wide, "*reserved for a street, and no other purpose.*"

After such a clear and emphatic dedication of the land to the purposes of a street, and a sale of land bounded upon it as a street, it was not within the power of the owners, nor of any one holding a title derived from them, to defeat the right of the grantee or the right of one holding under him, to use the land as a street. A street is, *ex vi termini*, a public thoroughfare, and may be used as such. Bou. Law Dict. (15th ed.) Street.

The effect of such a dedication has been so fully considered, and the authorities so fully cited, in a recent decision by this court, that further consideration of the question at this time is deemed unnecessary. We refer to *Bartlett* v. *Bangor*, 67 Maine, 460:

Mr. Dillon's statement of the law is as follows : " While a mere survey of land, by the owner, into lots, defining streets, etc., will not, without a sale, amount to a dedication, yet a sale of lots with reference to such plat, *or describing lots as bounded by streets*, will amount to an immediate and irrevocable dedication of the latter, binding upon both vendor and vendee." 2 Dill.

Municipal Corporations, § 503; and see *Stetson* v. *Dow*, 16 Gray, 372.

*Judgment for defendant.*

PETERS, C. J., DANFORTH, LIBBEY, EMERY and HASKELL, JJ., concurred.